IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Cooperative District of Houston County–Country Crossing Project $21,325 Revenue bonds Series 2009 and $7,735,000 Revenue bond Series 2012, <br><br> Plaintiff, <br> v. <br><br> RUSSELL T. WRIGHT, an individual; DR. ROBERT L. WRIGHT, JR., an individual, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No.: 1:13cv4-WHA ) (wo) ) ) ) ) |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

This cause is before the court on a Motion to Dismiss Plaintiff's Complaint (Doc. #17).

The Plaintiff filed a Complaint for Declaratory Judgment (Doc. #1) asserting diversity subject matter jurisdiction in this court.  The Plaintiff U.S. Bank National Association is serving as Trustee for the Cooperative District of Houston County–Country Crossing Project $21,325,000 Revenue Bonds Series 2009 and $7,735,000 Revenue Bond Series 2012 ("U.S. Bank").  U.S. Bank alleges that it is located in Ohio.  Defendant Russell T. Wright is a citizen of Virginia and Defendant Dr. Robert L. Wright, Jr. is a citizen of Georgia.

Russell T. Wright and Dr. Robert L. Wright, Jr. ("the Wrights")  filed the instant Motion to Dismiss, stating that this court lacks subject matter jurisdiction.  The case is before the court on the Motion, the response and reply, as well as a sur-reply and response to that sur-reply.

## II.  MOTION TO DISMISS

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack."  A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings.  *Lawrence*, 919 F.2d at 1529.  Under a factual attack, the court may hear conflicting evidence and decide the factual issues that determine jurisdiction.  *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction.  *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

## III.  FACTS

The allegations of the Complaint are as follows:

The Houston County Commission entered into a development agreement with Ronnie Gilley Properties in February 2008 to develop an entertainment facility known as Country Crossing.  This development was to include, among other things, electronic bingo.  Ronnie Gilley Properties structured Country Crossing to be owned by three affiliates: Resorts and Entertainment Group II, LLC; Resorts and Development Group II, LLC; and Country Crossing, LLC.

The Houston County Commission created a Cooperative District and Improvement District of Houston County–Country Crossing Project.  The Cooperative District issued Series 2009 bonds to finance public improvements to 375 acres of land which comprised the Country Crossing Development.  The Series 2009 Bonds were issued pursuant to Indentures.

The payment sources of the Series 2009 Bonds were assessments and fees at Country Crossing.

Some of the proceeds from the sale of the Series 2009 Bonds were required to be held in a fund by the Indenture Trustee to ensure sufficient funds to make interest payment installments under the Trust Indenture. The Trust Indenture also authorized the Cooperative District to provide U.S. Bank with a Letter of Credit to serve as additional security for repayment of the revenue bonds.

As a condition of its purchase of the Series 2009 bonds, the holders required additional repayment security in the form of an Irrevocable Standby Letter of Credit naming the Indenture Trustee as beneficiary.

Defendant Dr. Robert Wright, Jr. sent a Side Letter to U.S. Bank in which he stated that Wells Fargo Bank f/k/a Wachovia Bank would issue a $5 million Irrevocable Standby Letter of Credit. The Letter of Credit said it would extend for one year periods up until November 12, 2013, when it would expire. U.S. Bank alleges that consistent with the Side Letter, the Letter of Credit allowed U.S. Bank to draw on the Letter of Credit if given notice of non-extension of the Letter of Credit.

In May of 2010, Dr. Robert Wright, Jr. sent U.S. Bank an Amended and Restated Side Letter which restated the Side Letter and provided for default under the Amended Side letter upon an indenture of additional bonds.

The electronic bingo planned for Country Crossing was determined to be illegal under Alabama law, and Country Crossing closed its doors. *See Lord Abbett Municipal Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1205 (11th Cir. 2012). U.S. Bank alleges in the Complaint that

collected revenues were insufficient to pay debt service on the bonds.  The Cooperative District went into default.

On April 27, 2012, U.S. Bank made a draw on the Letter of Credit in the amount of $2,132,500.00.  On June 14, 2012, the Wells Fargo Bank provided notice to U.S. Bank that they were not going to extend the Letter of Credit beyond November 12, 2012.  U.S. Bank states that after receiving a Notice of Non-Extension from Wells Fargo Bank on or about October 24, 2012, U.S. Bank withdrew the remaining funds available under the Letter of Credit.

In February of 2012, Resorts Development Group II, LLC, one of the owners of the Country Crossing Development, filed for bankruptcy.  Defendant Russell Wright was listed in court filings as the CEO of Resorts Development Group II, LLC.  In the bankruptcy case, Russell Wright filed a Proof of Claim which included a Promissory Note in the same amount as the Letter of Credit.  Dr. Robert Wright, Jr. did not file a proof of claim in the bankruptcy case.  The bankruptcy case was dismissed.

On December 3, 2012, an attorney representing Russell Wright wrote to U.S. Bank and stated that Russell Wright has a legal interest in the Letter of Credit. (Ex. H, Doc. #1).  In that letter, Russell Wright threatened to commence litigation and demanded the return of the $5 million.

U.S. Bank seeks declaratory relief as to the validity of the Letter of Credit, the Side Letter, and the Amended Side Letter; U.S. Bank's right to draw on the Letter of Credit; the rights of the Wrights with respect to the Letter of Credit; whether Russell Wright has the legal right and standing to challenge the validity of the obligations owed; the effect of the bond validation judgment; and seeks a declaration that Russell Wright is judicially estopped from asserting any

positions that are inconsistent with positions he took in the Resorts Development Group II, LLC bankruptcy.

## IV.  DISCUSSION

The Wrights argue that this court lacks subject matter jurisdiction over the Complaint for declaratory judgment because U.S. Bank failed to seek a declaration of its rights with respect to the Letter of Credit before drawing down the funds to zero.  The Wrights say that this action seeks an after-the-fact validation of the draw-down, and a legitimization of U.S. Bank's defenses to a theoretical future lawsuit by the Wrights.   The Wrights argue that because U.S. Bank presented, and Wells Fargo honored, the Letter of Credit with no interference by the Wrights, U.S. Bank's harm, if any, is conjectural and not actual or imminent. In response to a brief by U.S. Bank, counsel for the Wrights have further represented to the court that they have been instructed to inform the court and parties "in no uncertain terms, that they are *not* going to file a lawsuit against U.S. Bank regarding its drawn down of the $5,000,000 letter of credit."   (Doc. #20 at ¶2).

In light of these arguments, there are two issues presently before the court; namely, whether the court had subject matter jurisdiction at the time the Complaint was filed, *see Household Bank v. JFS Group*, 320 F.3d 1249, 1259 (11th Cir. 2003) (stating, in a case in which declaratory judgment defendants had informed the district court that they did not intend to file a suit, that the court must look to the facts as they existed at the time the action was filed), and, if so, whether the court now lacks jurisdiction because the case has become moot.

"If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief

5

defendant to bring a coercive action." *Household Bank*, 320 F.3d at 1253 (quotation omitted). The Declaratory Judgment Act provides that a declaratory judgment may be issued only in the case of an "actual controversy." *Malowney v. Federal Coll. Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999). The case may not be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (quotation omitted).

In an attempt to establish the conjectural nature of this case, the Wrights rely in part[1] on *Hendrix v. Poonai*, 662 F.2d 719 (11th Cir. 1981), in which the court found no case or controversy existed where a hospital sought a declaration that if it denied privileges to a doctor, that doctor would not have a cause of action against it. The court reasoned that because the privileges could in fact be granted by the hospital, the doctor did not "have a cause of action upon which he may carry through with his alleged threats of litigation . . ." so that there was no case or controversy. *Hendrix*, 662 F.2d at 722.

In this case, U.S. Bank has alleged threatened injury in the form of a lawsuit to challenge the propriety of its draw-down against the Letter of Credit and seeks a declaration of its rights in the face of that threatened injury. Unlike in *Hendrix*, U.S. Bank has already drawn down funds, and the Wrights have demanded return of the money, and threatened litigation, so the cause of action and the threat to pursue it exist. Therefore, the allegations of the Complaint present an actual case or controversy so as to support subject matter jurisdiction in this case. *See Household*

---

[1] The non-binding case, *Turbine Corp. v. York Research Corp.* No. 91cv8414, 1992 WL 147603 (S.D. N.Y. June 15, 1992), also relied on by the Wrights, in which the court accepted assurances from counsel that it was unlikely there would be litigation in finding that a claim was not ripe for purposes of a Rule 15 motion to amend, does not appear consistent with Eleventh Circuit precedent discussed below, so the court is not persuaded to follow it.

*Bank*, 320 F.3d at 1256 (finding jurisdiction over a declaratory judgment action based on defendant's "anticipated coercive action").

The Wrights also state that this court should decline to exercise jurisdiction because U.S. Bank has asked the court to make declarations that implicate parties other than those in the case, including the Cooperative District, Wells Fargo, Southern Farms, and the State of Alabama. This is an issue which the court will address after finally deciding mootness, as discussed below.

As to the mootness issue, the Wrights argue that they have no intention to sue U.S. Bank about the Letter of Credit, so that there is no jurisdiction. U.S. Bank relies on the analysis in *Already, LLC v. Nike, Inc.*, __ U.S. __, 133 S. Ct. 721 (2013) and argues that the Wrights' argument is necessarily a mootness argument, which requires proof under a "voluntary cessation test." As the Court explained, if a defendant claims that its voluntary compliance moots a case, it must show that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already*, 133 S. Ct. at 727 (quotation omitted). In *Already*, Nike Corporation filed a covenant stating that it would not make any claim or demand against the other party involved in the litigation in that case. The Court concluded that the breadth of the unconditional and irrevocable covenant was sufficient to meet the "voluntary cessation test," and establish mootness. *Id.* at 728.

The Wrights do not appear to disagree that the *Already* analysis is appropriate in this case, but they contend that the *Already* case does not set out a particular form which they must follow to disavow their intention to pursue further litigation, and they have expressed their intention not to pursue further litigation on the subject matter of the instant lawsuit. Although the Wrights urge that their representations should "preclude the type of future litigation about

7

which U.S. Bank is concerned," (Doc. #24 at ¶15), the court cannot conclude, in view of the breadth of language contained in the December 3, 2012 letter on behalf of the Defendants, under *Already* or Eleventh Circuit precedent, that a "renunciation" in brief, in the absence of a formal agreement or other document, is sufficient to establish mootness. *See Household Bank*, 320 F.3d at 1260 (stating that "[r]egardless of their present renunciation, without a binding, judicially enforceable agreement," the defendants could still force the declaratory judgment plaintiffs to defend against the claims identified in the declaratory judgment action). In their final brief filed in this case, the Wrights state that they "stand ready and willing to execute a more formal document expressing their intentions." (Doc. #24 at ¶16). Accordingly, before ruling on the mootness issue, the court will give the Wrights additional time in which to formally state their intentions. If the parties can come to an agreement and file a joint document, the court will consider it in ruling on mootness. If the parties cannot come to an agreement, the court will consider their positions and rule on mootness, and decide whether the court should abstain from exercising jurisdiction.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to Dismiss (Doc. #17) is DENIED in part, and held in abeyance in part. It is further ORDERED as follows:

1. The parties are given until **August 5, 2013** to confer with one another and to file a joint document as to the Defendants' intention with respect to future litigation against U.S. Bank.

2. If after conferring with one another the parties are unable to file a joint document, the Defendants are given until **August 12, 2013** to file whatever formal document they wish to file to establish mootness in this case. The Plaintiff is given until **August 19, 2013** to respond to that

filing.

Done this 24th day of July, 2013.

                                                /s/ W. Harold Albritton
                                                W. HAROLD ALBRITTON
                                                SENIOR UNITED STATES DISTRICT JUDGE